IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COLTON ROMERO

    Plaintiff,

v.                                                                No. 1:19-CV-1179 WJ/JHR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and CAROL BRUNO,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand (**Doc. 5**). Having reviewed the Parties' briefing and considered the applicable law, the Court finds that the Motion is well taken and is, therefore, **GRANTED**.

### BACKGROUND

This case arises out of a dispute between Plaintiff and his insurer, State Farm Automobile Insurance Company ("Defendant") regarding an accident where Plaintiff was injured by an unidentified motorist who fled the scene. Plaintiff's allegations against State Farm include, *inter alia*, bad faith, violations of the New Mexico Insurance Code, violations of the Unfair Trade Practices Act, violations of the Trade Practices and Fraud Act, breach of contractual duties, and breach of fiduciary duties. Plaintiff's Complaint, (Doc. 1-1), also contains allegations against Carol Bruno, whom Defendant alleges was the State Farm claims adjuster on his case, for mishandling his claim. Defendant removed this case to federal court, asserting via two sworn affidavits, (Docs. 12-1, 12-2), that Bruno was not Plaintiff's claims adjuster and that Plaintiff joined Bruno for the sole purpose of spoiling federal jurisdiction. (Doc. 12.) Plaintiff then filed

the instant Motion to Remand, asserting that he has cognizable claims against Bruno and therefore her joinder was proper and, consequently, this Court lacks jurisdiction because Bruno is not diverse from Plaintiff.

## DISCUSSION

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), with the requirements for federal jurisdiction found at 28 U.S.C. §1331 (federal question jurisdiction) and §1332 (diversity jurisdiction). Due to the exceptional nature of federal jurisdiction, removal statutes must be strictly construed, and all doubt should be resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Diversity jurisdiction requires complete diversity, meaning no party may share citizenship with an opposing party. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). But, when a plaintiff has included a party in a suit for the sole purpose of defeating diversity jurisdiction, joinder is considered fraudulent. *See Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). If the Court concludes a party was fraudulently joined, it may ignore the citizenship of that party for purposes of determining jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 987–88 (10th Cir. 2013).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against [the defendant] in state court." *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (internal quotation marks and citation omitted). Proving fraudulent joinder is a "heavy burden," and "all factual and legal issues must be resolved in favor of the plaintiff." *Id.* at 814. "Merely to traverse the allegations upon which the liability of the resident defendant is rested or

to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). Accordingly, the defendant arguing fraudulent joinder "must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 U.S. App. LEXIS 6852, at * 5 (10th Cir. Apr. 14, 2000) (internal citation and quotation marks omitted) (alternation in original). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.*

Given this high standard, the Court has no trouble concluding that Defendant has not met its burden to show fraudulent joinder. While Defendant concedes Bruno's involvement with Plaintiff's State Farm claim, at least to the extent of being present at an examination under oath and entering a note in the claims file summarizing that examination, Defendant contends that Bruno's "very limited role," (Doc. 12 at 5), is insufficient to show that she handled Plaintiff's claim, let alone that she somehow mishandled that claim. But whether Bruno adjusted Plaintiff's claim is a hotly disputed factual issue in this case. Indeed, it is *the* issue this case turns on. Defendant appears to believe that the submission of two self-serving affidavits to the effect of "Carol Bruno was not the claims adjuster in this case" definitively resolves this issue and proves as a matter of law that Plaintiff has no cause of action against Bruno. However, Plaintiff has alleged, and Defendant does not dispute, that at a minimum, Bruno attended an examination under oath on behalf of Defendant, interacted with Defendant's attorney at that examination, and authored a summary of that examination for State Farm's claims file. While Defendant counters that Plaintiff is giving too much credit to these actions, the fact is that Plaintiff has shown that a

3

claim against Bruno is possible, or at least not "so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). Resolving all factual and legal issues in favor of Plaintiff, the Court cannot conclude that it would be impossible for Plaintiff to establish a cause of action against Bruno in state court. While Plaintiff's claims are not necessarily a "sure-thing," they do "have a basis in the alleged facts and the applicable law." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

Defendant cites *Porter v. Deere & Co.*, No. 2:12-CV-1986, 2013 U.S. Dist. LEXIS 4845 (Jan. 11, 2013), a district court case from the Western District of Louisiana, for the proposition that where an actor had a limited role in an event, that actor's liability is likewise limited. (Doc. 12 at 6–7.) That may be true, but *Porter* is distinguishable, even if it were controlling law, because the defendant in question in *Porter* had given a deposition. Unlike a self-serving attestation, likely prepared by Defendant's attorney, a deposition is a discovery tool that allows an opposing party to delve into the details of a given transactions or events. Here, it may well be that a deposition would support the affidavits and confirm Defendant's contention that Bruno was not Plaintiff's claims adjuster. But that disputed issue of fact must be resolved during litigation. As eloquently summarized in a case cited by Defendant, "[i]f the defendant fails to establish with complete certainty upon undisputed evidence that the non-diverse defendant is not liable, then the Court must remand the case back to the state court without ruling further in the matter." *Byers v. Cent. Transp., LLC*, No. 19-cv-0107, 2019 U.S. Dist. LEXIS 85360 (D.N.M. May 21, 2019) (Parker, J.) (citing *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 414 F.3d 1169, 1175 (10th Cir. 2005)). In the instant case, Defendant has not established with complete certainty that Bruno is not liable and has made its argument upon disputed evidence.

Finally, the Court notes that Defendant is not arguing that the types of claims asserted by Plaintiff against Bruno, *e.g.*, claim mishandling/breach of duty, are not cognizable under New Mexico law, but rather that the specific claims in this case fail because Bruno, as oft repeated by Defendant, was not Plaintiff's claims adjuster. This distinction is key. According to Defendant, Plaintiff's claims fail because Bruno did not handle Plaintiff's claim. If a court, or more likely a jury, rejects that premise, Plaintiff has pleaded at least a viable cause of action against Bruno. While Defendant would have the Court accept its premise on the basis of the two affidavits, this disputed factual issue must be resolved in favor of Plaintiff on an accusation of fraudulent joinder. *See Dutcher*, 733 F.3d at 988.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (**Doc. 5**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take the necessary action to effectuate remand of this case to the Second Judicial District Court, County of Bernalillo, State of Mexico.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE